UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80621-CIV-MARRA/JOHNSON

MARK DIXON ROWLEY,

    Plaintiff,
vs.

BARACK HUSSEIN OBAMA,

    Defendant.
_____/

## ORDER DISMISSING COMPLAINT

THIS CAUSE is before the undersigned on Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit. As explained below, Plaintiff's motion will be DENIED and this case will be DISMISSED.

## INTRODUCTION

On May 18, 2010, Mark Dixon Rowley ("Rowley" or "Plaintiff"), proceeding *pro se*, commenced this action against the President of the United States, the Secretary of the Department of Homeland Security, and the South County Medical Health Center, Inc. (DE# 1). At the same time, Rowley moved to proceed in *forma pauperis* (DE# 3) pursuant to 28 U.S.C. §1915(a)(1), which states, in pertinent part, that any court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, . . . without prepayment of fees . . . by a person who submits an affidavit that he is unable to pay such fees." Although Plaintiff submitted a declaration in support of his motion for leave to proceed in *forma pauperis*, the

complaint fails to state a claim upon which relief may be granted and is frivolous.

## STANDARD OF REVIEW

*Pro Se Litigants*

The Court should afford a litigant proceeding *pro se* wide leeway in pleadings. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595 (1972) (per curiam); Jackson v. Reese, 608 F.2d 159 (5th Cir. 1979). However, *pro se* litigants must satisfy essential burdens. See, e.g., Brown v. Crawford, 906 F.2d 667, 670 (11th Cir.), *cert. denied*, 500 U.S. 933 (1991). In the instant action, the undersigned affords Plaintiff wide leeway in his pleadings. Even applying that lenient standard, Plaintiff fails to satisfy several essential burdens required under the law. The complaint may be dismissed if the plaintiff does not plead facts that state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007); *Watts v. FIU*, 495 F.3d 1289 (11th Cir. 2007). While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 545. The problem with the instant complaint is not only does it not plead facts that are plausible on their face, but the allegations are totally incomprehensible.

## DISCUSSION

There is a two-step process to be followed by a district court in considering whether a *pro se* plaintiff should be permitted to proceed in *forma pauperis*: first, a

determination as to whether the plaintiff qualifies by economic status must be made, and second, the court must determine whether the cause of action stated in the complaint is frivolous or malicious.  See Neitzke v. Williams, 490 U.S. 319 (1989). Dismissals on these grounds are often made by the court on its own accord prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.  See Franklin v. Murphy, 745 F.2d 1221, 1226 (9th Cir. 1984).  Such relief is warranted in the present case.

Section 1915 (e)(2)(B)(ii) of Title 28 of the United States Code states that the court shall dismiss a case at any time if the court determines that the action fails to state a claim upon which relief may be granted.  The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6).  Rule 12(b)(6) standards apply in reviewing dismissals under section 1915(e)(2)(B)(ii). Mitchell v. Farcass, 112 F.3d 1483 (11th Cir. 1997).  In the instant action, the plaintiff brings a cause of action under the Civil Rights Act, 42 U.S.C. § 1983, alleging that "the President of the United States of America is in illegal possession of my free speech rights."  Civil Cover Sheet, DE 1-1.

Rowley has filed a totally unintelligible 43 page complaint.  While it could be gleaned that Rowley complains of gender discrimination in the Defense of Marriage Act, many, if not most, of Rowley's sentences are incomprehensible.  For instance, in his statement of claim, Rowley writes, "Imagine going to court: without traps?  The first thing you'll want to know about this case, is that it breaks the National Security

Oath of a government paid assassin in Federal Court." DE 1 at 1. Additionally Plaintiff writes, "[t]he underwriting architecture of the Walking Guest model is simple: existing, single nation heads are quaded to 4." DE 1 at 35.

The complaint also makes vague threats, such as "[l]ooks like a physical assault is in the planning stages against Barack . . . [and] against the Supreme Court," and "I just set a timing device in your court," DE 1 at 3, 40. Besides these problems, the complaint does not state a claim under the Civil Rights Act, 42 U.S.C. § 1983, and to the extent Plaintiff is suing the President, he is immune from suit.

The doctrine of sovereign immunity shields the United States, its agencies, and its employees from suit, absent a waiver. Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). Indeed, Barack Obama, as President of the United States, is entitled to absolute immunity from damages liability predicated on his official acts. Nixon v. Fitzgerald, 457 U.S. 731, 749 (1982); Spalding v. Vilas, 161 U.S. 483, 498 (1896) (privilege extends to all matters "committed by law to [an official's] control or supervision"). Nor has sovereign immunity been waived for any of the unidentifiable claims asserted against the Secretary of Homeland Security. No discernable claim is asserted against the South County Medical Center as well. For the reasons already discussed and pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii), this action shall be dismissed because the claims are frivolous and fail to state a claim upon which relief can be granted. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Complaint is dismissed prior to service of process.  This case is CLOSED.  All pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of May, 2010.

KENNETH A. MARRA
United States District Judge

copies to:
Mark Dixon Rowley, pro se